Woodling & Krost, of Cleveland, Ohio, for plaintiff.

William Cleland, of Akron, Ohio, and Thomas J. Doran, of Cleveland, Ohio, for defendants.

### NYE RUBBER CO. v. V. R. P. RUBBER CO. et al.

#### Civ. No. 25656.

United States District Court
N. D. Ohio. E. D.
Nov. 10, 1948.

JONES, Chief Judge.

This is an action for patent infringement. All parties are citizens of Ohio. Defendants filed an answer denying liability and a counterclaim, for an injunction and other relief, for unfair competition.

Plaintiff has filed a motion to dismiss the counterclaim on the following grounds:

1. This court is without jurisdiction since the parties are all citizens of Ohio and the cause of action arises out of the common law, not the laws of the United States.

2. The counterclaim fails to state a claim upon which relief may be granted.

1. Defendants have not alleged diversity of citizenship, jurisdictional amount or a cause of action arising under the laws of the United States as bases for this court's jurisdiction of their counterclaim.

In opposition to plaintiff's motion, defendants cite Rule 13, Federal Rules of Civil Procedure, 28 U.S.C.A., but jurisdiction may not be conferred or extended by rule.

The cases cited by defendants in opposition to the motion involved actions by plaintiffs for patent infringement and unfair competition based upon the patent infringement as distinguished from the instant case wherein the plaintiff is suing for patent infringement and the defendant for unfair competition. In the instant case, defendants' charges are in the nature of an action for libel and slander and would involve issues of fact and law other, and in addition to, those raised in the infringement action.

Derman v. Stor-Aid, Inc., 2 Cir., 1944, 141 F.2d 580, was an action for patent infringement in which defendants filed a counterclaim for unfair competition in that plaintiff had knowingly brought suit against defendants therein without basis for the purpose of damaging their business and had made representations to the trade that defendants were infringers and that members of the trade would be subject to suit for infringement if they dealt with defendant's product. The court held that the counterclaim did not arise out of any law of the United States and since there was no diversity of citizenship among the parties, the court was without jurisdiction as to the counterclaim. See also, Utah Radio Products Co. v. Boudette, 1 Cir., 1935, 78 F.2d 793.

■ Defendants' counterclaim embraces a cause of action separate and distinct from that asserted in the petition and this court has no jurisdiction of the cause of action stated in the counterclaim.

■ 2. The counterclaim also is subject to dismissal for failure to state a claim upon which relief may be granted.

In Alliance Securities Co. v. De Vilbiss Mfg. Co., 6 Cir., 1930, 41 F.2d 668, there was a counterclaim for unfair competition "by intimidating defendant's customers and the trade generally through false claims of infringement and liability under the patent in suit". 41 F.2d at page 670. In denying relief on the counterclaim, Judge Denison said, in part:

"We are aware of no ground upon which claims of infringement made by a patentee can be considered a legal wrong unless those claims are made in bad faith; that is, maliciously. This bad faith may be made to appear in a variety of ways, but until it does appear the patentee has the right to notify all those whom he believes to be infringing that he will hold them for such liability as he may be able to establish; indeed, it has been said that it is his duty to do so, and it is apparent that under some circumstances he may lose rights if he does not do so."

It will be noted, upon reading the two paragraphs of the counterclaim herein, that defendants allege that plaintiff wantonly and maliciously contrived to obstruct the business of a defendant by spreading gossip and rumors in the trade, but do not allege that the "gossip and rumors" were false or uttered in bad faith.

Even if plaintiff had contrived maliciously to obstruct defendants' business by spreading gossip and rumors, still if plaintiff had reasonable bases for the rumors and if said rumors proved to be statements of truth, I do not see how they could be actionable. I believe that to state a cause of action, defendants must allege that the gossip and rumors were both false and malicious. De Vilbiss case, above.

Plaintiff's motion to dismiss the counterclaim will be granted on both counts.