**KUSTER LABORATORIES, Inc. v. LEE et al.**

No. 28579.

United States District Court
N. D. California, S. D.
March 31, 1950.

St. Clair & Connolly, San Francisco, Cal., Flehr & Swain, San Francisco, Cal., for plaintiff.

John H. Brill, San Francisco, Cal., for defendants.

GOODMAN, District Judge.

In this trademark infringement suit, defendant counterclaimed for damages for the alleged breach of a distributorship agreement authorizing defendant to distribute plaintiff's food products. Plaintiff has moved to dismiss the counterclaim on the ground that it is not a Compulsory Counterclaim, under Rule 13(a), Federal Rules of Civil Procedure, 28 U.S.C.A., which derives its jurisdictional support from it relationship to the plaintiff's claim. It is plaintiff urges, merely a Permissive Counterclaim under Rule 13(b), unrelated to plaintiff's claim, and requires an independent jurisdictional basis.

A compulsory counterclaim must arise "out of the transaction or occurrence that is the subject matter of the opposing party's claim." Rule 13(a), Federal Rules of Civil Procedure. Plaintiff's claim of infringement in this case is based upon the sale by the defendant of food products labeled similarly to plaintiff's food products. The counterclaim arises out of an alleged breach of an agreement permitting defendant to distribute plaintiff's food products under plaintiff's label. It is patent that the claim and the counterclaim do not arise out of the same transaction or the same occurrence. Each must be established by distinct proofs. See Penn Sportservice, Inc., v. Goldstein, W.D.Pa. 1940, 3 F.R.S. 181; Keyes Fibre Co. v. Chapin Corp., D.C. Me. 1947, 76 F.Supp. 981; Nye Rubber Co. v. V. R. P. Rubber Co., D.C.N.D.Ohio 1948, 81 F.Supp. 635; Derman v. Stor-Aid, Inc., 2 Cir, 1944, 141 F.2d 580, certiorari dismissed, 1944, 323 U.S. 805, 65 S.Ct. 25, 89 L.Ed. 643; Zalkind v. Scheinman (Guide System & Supply Co., Inc.), 2 Cir., 1943, 139 F.2d 895. This is not like the case of King v. Edward B. Marks Music Corp., D.C.S.D.N.Y. 1944, 56 F.Supp. 446, in which the question of infringement de-

pended upon the defendant's rights under agreements, the breach of which was asserted as a compulsory counterclaim.

 Defendant, however, has advanced the novel proposition that because the alleged breach of the distributorship agreement may constitute a clean-hands defense to the plaintiff's claim, the breach is assertable as a counterclaim without independent jurisdictional support. The requirements of Rule 13(a) are not met merely because the alleged breach of the distributorship agreement might be availed of as an equitable defense to plaintiff's cause. Mercoid Corp. v. Mid-Continent Investment Co., 1944, 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376. See also Douglas v. Wisconsin Alumni Research Foundation, 81 F.Supp. 167, D.C.N.D.Ill. 1948; Judge Frank dissenting in Libbey-Owens-Ford Glass Co. v. Sylvania Industrial Corporation, 2 Cir., 1946, 154 F.2d 814, 817, particularly footnote 17. But cf. the majority opinion in Libbey-Owens-Ford Glass Co. v. Sylvania Industrial Corp., and also Hancock Oil Co. v. Universal Oil Products Co., 9 Cir. 1940, 115 F.2d 45. It has long been understood that Rule 13(a) defines the relationship which a counterclaim must bear to the plaintiff's claim in order that the counterclaim may derive its jurisdictional support therefrom. The desire for economy in judicial administration cannot be permitted to expand federal jurisdiction beyond its limits.

The motion to dismiss the counterclaim is granted.