## ROCKWELL MFG. CO. v. EVANS ENTERPRISES, Inc., et al.

### Civ. A. No. 4592.

United States District Court
W. D. New York.

Dec. 19, 1950.

On Motion for Reconsideration Jan. 9, 1951.

Fleischmann, Augspurger, Henderson & Campbell, Buffalo, N. Y., for plaintiff.

McMahon & Schmidt, North Tonawanda, N. Y. (Blenko, Hoopes, Leonard & Glenn, Pittsburgh, Pa., of counsel), for defendants.

KNIGHT, Chief Judge.

The plaintiff has made two motions (1) for an order striking from paragraph 8 of the answer the averment: "and defendants aver that Rockwell has marked the number of the Letters Patent on gas pressure regulators which are not covered by said Letters Patent." on the ground that such averment is immaterial, impertinent and scandalous and is prejudicial to plaintiffs, and for an order striking from the answer the averments of paragraph 9, which reads as follows: "Rockwell is barred by its laches from the relief prayed for herein." on the ground that paragraph 9 constitutes an insufficient defense in that it states a mere legal conclusion; and for an order striking paragraph 12 of the counterclaim on the ground that the averments of such paragraph are immaterial, irrelevant, impertinent and redundant; and (2) to dismiss defendants' counterclaim for unfair competition on the grounds that the court lacks jurisdiction over the subject matter and that defendants fail to state a cause of action upon which relief can be granted.

Paragraph 8 should be stricken if for no other reason than that it is not necessary that this be plead. If material, it may be proved upon the trial.

Paragraph 9 is a plea of laches. Plaintiff claims that it is insufficient in that it states a mere legal conclusion. It seems that the motion to strike must be granted, but with leave to the defendant to amend. Eastman Kodak Co. **v.** McAuley, D.C., 41 F.Supp. 873.

Paragraph 12 should also be stricken. This seems to be a repetition of certain of the allegations in paragraph 13.

Upon the argument defendants' counsel stated that paragraph 12 is intended to be an interpretative paragraph to the counterclaim.

The remaining question here is as to whether this court has jurisdiction. The plaintiff Rockwell Manufacturing Company and the defendant American District Steam Company are each a corporation of the State of Pennsylvania. Defendant Evans Enterprises, Inc., a New York corporation, was originally the sole defendant, and thereafter, upon order of this court, on stipulation of the parties, the American District Steam Company was added as a party defendant. It is made to appear that the latter had actively succeeded to the business of the defendant Evans Enterprises, Inc. subsequent to the commencement of this action. The imminent question is whether a claim of unfair competition, in a counterclaim, as here, can be joined in the trial of an issue of infringement as permitted by 28 U.S.C.A. § 1338(b).

Patent No. 2,380,459, applied for July 27, 1942, and issued July 31, 1945, to F. Niesemann, relates to a gas pressure regulator and the feature claimed is that a certain valve in the regulator is so placed in the well that it is held against turning when the nut at the top is screwed onto the valve stem. The valve is not accessible; and an object is that the regulator may be cast in substantially its finished form. The valve is released by a flexible diaphragm which is connected to the valve stem by a nut, and the gas pressure causes the valve to move up and down when the gas pressure fluctuates. The patent relates solely to this valve.

The defendant denies infringement, asserts invalidity and also sets up a counterclaim. The counterclaim is based upon the claim that plaintiff put on the market regulators differing in construction from the regulator illustrated and described in Letters Patent to wit, which were substantially the same as defendant's regulator in construction and appearance and that Rockwell marked this changed structure with the legend Patent No. 2,380,459, and plaintiff is continuing to notify defendant's customers that defendant's pressure regulators are covered by plaintiff's patent; that this action is calculated to cause defendant's customers to believe that they infringe Rockwell's patent, and that this practice constitutes unfair competition.

28 U.S.C.A. § 1338(b) reads: "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws". Chap. 646, 62 Stat. 931, June 25, 1948.

The purpose of this statute is to save piecemeal action. Prior to the enactment of the foregoing section, there was a great deal of confusion on the question of joinder, but that confusion was largely allayed by the decision in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 587, 77 L.Ed. 1148. There the court said: "The unfair competition in respect of the copyrighted play, according to the allegations, results from the same acts which constitute the infringement and is inseparable therefrom."

Construing the Hurn v. Oursler decision, the court in Musher Foundation, Inc., v. Alba Trading Co., Inc., 2 Cir., 127 F.2d 9, said: "As we understand the decision in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, the Supreme Court there held that a non-federal claim, over which the United States Court had no jurisdiction because of an absence of diverse citizenship, might be joined with a federal claim if the non-federal count differed from the federal count only because it asserted a different ground for recovery upon substantially the same state of facts."

The statute was enacted to make clear the rule to be followed.

 Does the counterclaim as alleged assert a cause of action? If it does, does it present a ground for recovery on substantially the same state of facts as the ground for recovery under the infringement charge? First, the counterclaim must be so connected with plaintiff's cause of action that the proof of each would substantially be the same. The different rights of the parties rest upon different facts essential to their establishment.

In Kaplan v. Helenhart Novelty Corp., 2 Cir., 182 F.2d 311, 312, the court said: "But since the trade-mark is unregistered and there is no diversity jurisdiction, the cause of action based on its alleged infringement or on its misuse is not by itself within the jurisdiction of a federal court nor did its joinder with the cause of action on the patent suffice to give the district court jurisdiction within Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L. Ed. 1148, or within § 1338(b) of the Judicial Code, 28 U.S.C.A. § 1338(b), which reflects the so-called Hurn v. Oursler doctrine. This is so because rights in issue under the patent and those under the trade-mark are not dependent upon substantially the same facts and those under the trade-mark are not so ancillary to the patent jurisdiction of the court as to be but an incident of that. (citing many cases) Even though the trade-mark may have been applied to some of the articles claimed to be covered by the patent, the different rights still rest upon the different facts essential to their establishment."

And see Allen v. Barr, D.C., 93 F.Supp. 589; Dubil v. Rayford Camp & Co., 9 Cir., 184 F.2d 899; Derman v. Stor-Aid, Inc., 2 Cir., 141 F.2d 580; Zalkind v. Scheinman, 2 Cir., 139 F.2d 895.

Plaintiff's motion to dismiss defendants' counterclaim is granted.

Order may be presented in accordance with this memorandum.

On Motion for Reconsideration

Subsequent to the filing of the memorandum, on a motion to dismiss defendant's counterclaim, dated December 19, 1950, defendant has requested reconsideration as to the bearing on this action of the decision in Kaplan v. Helenhart Novelty Corp., 2 Cir., 182 F.2d 311. The purpose of the citation of the Kaplan opinion was to indicate, by the quotation therefrom, that there are in the present action "different rights which rest upon different facts essential to their establishment." The plaintiff's claimed rights in issue here under the patent and the defendant's counterclaim are not dependent on substantially the same facts.

 This court is of the opinion that the subject matter in this counterclaim is not matter arising out of the infringement of the patent which could be set up in defense by way of recoupment, but is an independent and unrelated matter; and that, being an independent and unrelated matter of which this court would have jurisdiction only in case there were diversity of citizenship and the required jurisdictional amount, the motion to dismiss the counterclaim should have been granted. Utah Radio Products Co. v. Boudette, 1 Cir., 78 F.2d 793; Nye Rubber Co. v. V. R. P. Rubber Co., D.C., 81 F.Supp. 635; United States Expansion Bolt Co. v. H. G. Kroncke Hardware Co., 7 Cir., 234 F. 868; Frankart, Inc., v. Metal Lamp Corp., D.C., 32 F.2d 920.

The original determination, not intended to be on the merits, is adhered to, and such will be the order