**J. J. THEATRES, Inc. et al. v. TWENTIETH CENTURY–FOX FILM CORP. et al.**

United States District Court
S. D. New York.
May 13, 1953.

6. 5 U.S.C.A. § 1009.

7. Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603.

Monroe E. Stein and Hess, Mela, Segall, Popkin & Guterman, New York City, for plaintiffs, by Monroe E. Stein and Robert L. Pelz, New York City, of counsel.

Dwight, Royall, Harris, Koegel & Caskey, New York City, for Twentieth Century-Fox and Spyros P. Skouras, by Frederick W. R. Price, Charles F. Young, Barbara A. Scott and Stanley Godofsky, New York City, of counsel.

Sherpick, Gilbert, Regan & Davis, New York City, for Skouras Theatres Corp. and George E. Skouras, by Eugene A. Sherpick, William Gilbert and Richard T. Davis, New York City, of counsel.

WEINFELD, District Judge.

In this antitrust suit the jury, after a trial of more than three weeks, returned a verdict in favor of all the defendants. A motion to set aside the verdict upon its rendition on the ground that it was contrary to the weight of evidence and for judgment, notwithstanding the verdict, was denied. The day following, February 26, 1953, judgment was entered.

Thereafter, on February 27, 1953, the plaintiffs moved upon the pleadings, the pre-trial order, the testimony and exhibits, for an injunction enjoining one of the defendants, Twentieth Century-Fox Film Corporation, from refusing to negotiate in good faith with the plaintiffs for the exhibition of its motion pictures at plaintiffs' theatre on a first run, said run to be non-exclusive or exclusive within the area at the election of said Twentieth Century-Fox Film Corporation. The motion was adjourned to April 3rd, but in the period between its service and the date of hearing, plaintiffs filed a notice of appeal "from the final judgment entered in this action."

The defendants urge that the Court now lacks jurisdiction to grant the application for injunctive relief in view of the pending appeal. The plea must be upheld. The filing of a notice of appeal from a final judgment terminates the jurisdiction of the district court except where it is specifically reserved by statute or by the Federal Rules of Civil Procedure, 28 U.S.C.A.[1]

The complaint contained but a single count,[2] seeking both treble damages and injunctive relief. The same facts were alleged to support the legal and equitable claims. Plaintiffs' right to relief as to each involved a common controlling question of fact—an alleged conspiracy by the defendants in violation of the antitrust laws.[3]

Plaintiffs' notice to the Court of Appeals from the judgment entered upon the jury's verdict states they are appealing "from the final judgment entered in this action." They neither sought to amend the judgment to restrict it to the legal claim and to provide that the action was to continue as to the claim for equitable relief; nor did they apply for a "determination" under Rule 54(b) of the Federal Rules of Civil Procedure.[4] By failing so to move and filing the notice of appeal, plaintiffs clearly indicated that they considered the judgment as final and the right of appeal absolute. In this I think they were correct. The

1. Miller v. United States, 7 Cir., 114 F.2d 267; Switzer v. Marzall, D.C., 95 F. Supp. 721; Daniels v. Goldberg, D.C., 8 F.R.D. 580; Republic of China v. Pang-Tsu Mow, D.C., 12 F.R.D. 359.

2. As to each period specified.

3. Cf. 5 Moore's Federal Practice, 2 Ed., ¶ 38.16 (p. 151); Sablosky v. Paramount Film Distributing Corp., D.C., 13 F.R.D. 138.

4. Assuming that such a "determination" was required. Plaintiffs now suggest that in the absence thereof, the judgment entered upon the verdict is not final and so not appealable—a view with which I am not in accord.

judgment completely determined the rights of the parties to the suit. The legal and equitable issues thereunder involved common questions of fact. Practically, the determination of the legal issues by the jury in this case was dispositive of the equitable claim presented under the single count complaint.[5] The facts of the legal claim are so inextricably wound up with the prayer for injunctive relief that the pending appeal permits consideration of all the issues.

The motion is denied.

Settle order on notice.

5. Leimer v. Woods, 8 Cir., 196 F.2d 828, 836.