Giles E. **BULLOCK** and The E. C. Brown Co., Plaintiffs,

v.

**SEARS, ROEBUCK AND CO.,**
Defendant.

Civ. No. 5232.

United States District Court
N. D. New York.

May 18, 1956.
Rehearing Denied July 5, 1956.

F. P. Keiper, Syracuse, N. Y., for plaintiffs.

Hancock, Dorr, Ryan & Shove, Syracuse, N. Y., Frank H. Marks, Chicago, Ill., of counsel, for defendant.

BRENNAN, Chief Judge.

The Court's jurisdiction to entertain a cause of action for unfair competition, joined in the same complaint with an action for patent infringement, is challenged by this motion.

This is a civil action and the jurisdiction of the Court is based upon the patent laws of the United States and the provisions of Title 28 U.S.C.A. § 1338, pars. (a) and (b).

The complaint is in a single count but states two separate but co-mingled claims. (a) A claim against the defendant for the infringement of four patents. (b) A claim against the defendant for unfair competition. Preliminary and final injunctions against continued infringement and unfair competition and an accounting for profits and damages are substantially the items of relief demanded. A brief résumé of the facts appearing before the Court on this motion is made below.

The structures involved in this litigation may be termed "hand sprayers" consisting of a tank designed to hold a liquid which is expelled under pressure through a hose and nozzle and is ordinarily used for the protection of fruit trees, shrubs or flowering plants. The item is in common use, especially in the care of fruit trees. The details of the four patents, which plaintiffs claim have been infringed, do not appear at this time but a recitation thereof indicates that they are fundamentally what may be termed "mechanical patents". They are described in the complaint as follows:

"* * * United States Letters Patents No. 2,105,451, for Pressure Tank; 2,196,054, for Funnel Head with Closure Member for Sprayer Tanks; 2,210,277, for Method of Making Pressure Tanks; and 2,-285,010, for Lever Valve * * *."

From the above description and from my understanding of the statements of counsel, the patents involved have to do with the mechanical features of the plaintiffs' sprayer as distinguished from a design patent.

It appears that for a period of years, the defendant, which is a large mercantile establishment, purchased a large number of sprayers manufactured by

the plaintiff and sold same through their retail outlets throughout a large area. For the past two years, the defendant has purchased its supply of sprayers from another or different manufacturing source. It is alleged that they are so manufactured as to infringe the four patents above mentioned and are so constructed, labelled, advertised and marked as to simulate the appearance and marking of the plaintiffs' sprayers, thereby resulting in confusion to the prospective purchaser and constituting unfair competition to the plaintiffs' damage.

The parties agree that this Court has jurisdiction of the cause of action for patent infringement and the motion is directed solely to the claim of unfair competition. The burden of the defendant's motion to dismiss is based upon the contention that the claim of unfair competition is unrelated to the patent infringement action.

The dispute here arises by reason of the plaintiffs' contention that the provisions of Title 28 U.S.C.A. § 1338, par. (b) require the denial of the motion. The above section provides that this Court shall have original jurisdiction of a civil action asserting a claim of unfair competition when joined with a substantial and related claim under the patent law. It follows that if this Court has jurisdiction, the patent infringement action must be both substantial and related under the above provisions of the statute.

At this point in the course of the litigation, it would be rather difficult to ascertain whether or not the infringement claim is substantial as the word is used in the statute. The motion is not based upon such a deficiency. No discussion of the requirement is necessary. The problem here is to determine whether or not the claim of unfair competition is so related to the patent infringement claim as to afford this Court jurisdiction under the statute, above referred to.

 The district court, having no common law jurisdiction, must find its authority to adjudicate in the statute. It appears to be the general rule that

when the jurisdiction of a federal district court over the subject matter is attacked, the burden of showing jurisdiction is upon the party who alleges it. Haymes v. Columbia Pictures Corp., D.C., 16 F.R.D. 118 and cases cited. Pure Oil Co. v. Puritan Oil Co., 2 Cir., 127 F. 2d 6 at page 8. Ridder Bros. v. Blethen, 9 Cir., 142 F.2d 395 at page 398. If the unfair competition cause of action may be entertained, the relationship, above referred to, must appear or be established. Most of the reported cases dealing with this subject indicate that the question most often arises after the receipt of evidence or upon the conclusion of the case. This is not the situation here and the plaintiffs appear to be content to rest their contention upon the proceedings had to date.

 It is settled beyond dispute that a related claim as used in the statute refers to one which may be proved by substantially the same facts. This test was stated in so many words in Armstrong Paint & Varnish Co. v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195, which followed the decision of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. Section 1338(b) gives statutory authority to the rule. (See reviser's note). Cases decided thereafter impose the same test. Kaplan v. Helenhart Novelty Corp., 2 Cir., 182 F.2d 311 at page 312, Strey v. Devine's, Inc., 7 Cir., 217 F.2d 187. Rockwell Mfg. Co. v. Evans Enterprises, D.C., 95 F.Supp. 431. As I construe the cases, this does not mean that the evidence in both claims must be identical and in the application of the statute the fact, that some of the evidence offered in support of one claim is not necessary to the establishment of the other, is not fatal to the Court's jurisdiction. Jurisdiction exists if the unfair competition claim would require a duplication of a substantial and essential part of the evidence necessarily offered in the patent infringement case. Conversely, there is no jurisdiction where the plaintiffs' right to recover rests "upon the different facts essential to their

establishment". Kaplan v. Helenhart Novelty Corp., supra.

Lengthy briefs have been filed by the parties upon this motion and it is unnecessary to discuss the numerous cases cited therein. By reason of the test imposed by the decisions, above referred to, it is evidence that the jurisdiction of the Court must depend upon the facts in each case.

The cases involving the question of jurisdiction where an unfair competition claim is joined with that of trademark infringement are hardly authorities here. Our own Court of Appeals has stated that trademark infringement is in itself a form of unfair competition. American Auto Ass'n v. Spiegel, 2 Cir., 205 F.2d 771 at page 774. It is readily understood that jurisdiction may exist in that type of case because the evidence of infringement is also evidence of unfair competition. The same thing can be said as to decisions which involve the infringement of a design patent and a claim of unfair competition because generally it is apparent that evidence as to the appearance, form and markings in a design patent is definitely related to an unfair competition claim which is essentially based upon the same items.

There is another class of cases where jurisdiction is held to exist. These are cases where the patent itself is misused in such a way as to constitute proof of unfair competition such as Cutting Room Appliance Corp. v. Empire Cutting M. Co., 2 Cir., 186 F.2d 997. The principle is made clear in Kaplan v. Helenhart, supra, where the Court held that it had jurisdiction over a claim for damages caused by the misuse of a patent while denying jurisdiction over a claim arising from the infringement or misuse of an unregistered trademark, both such claims having been joined in an action to invalidate a patent. See also Darsyn Laboratories v. Lenox Laboratories, D.C., 120 F.Supp. 42 at pages 53–54.

Our Court of Appeals has also held that jurisdiction exists where a claim involving the misappropriation of information is combined with issues of patent infringement. The holding seems to rest upon the theory of a fictional or "consensual contract" which necessarily would require evidence of the basic facts concerning the scope of the same patent involved in the infringement action. Schreyer v. Casco Products Corp., 2 Cir., 190 F.2d 921, Telechron, Inc. v. Parissi, 2 Cir., 197 F.2d 757.

Plaintiffs' argument, that the statute affording jurisdiction over related claims has recently been more liberally applied, may find some support in the above cited cases. I do not find however that such liberality has been extended to cover the factual situation disclosed here.

■ This appears to be a simple case based upon a claim of infringement of mechanical patents. The unfair competition cause of action depends upon a similarity in the appearance and markings of the two sprayers, the existence of a secondary meaning in plaintiffs' product and the lack of the name of the manufacturer upon the defendant's sprayer. It is perhaps true that in the patent infringement case, the extent of public use of the plaintiffs' sprayer will be received in evidence at least as a part of the history. Similarly the same evidence may be received in the unfair competition case as a part of the evidence required to establish secondary meaning. That evidence however is far from establishing the requirement that the causes of action may be determined substantially on the same facts. The unfair competition action will require evidence not only as to markings and appearances but as to confusion and the likelihood of "palming off" which is the crux of unfair competition. An examination of the depositions already taken indicate the extent of the evidence to be offered.

■ Applying the precedents to the facts here, decisions in this circuit require that the motion be granted. Beginning with Musher Foundation, Inc. v. Alba Trading Co., 2 Cir., 127 F.2d 9, which is often cited, and extending to Algren Watch Co. v. Kalinsky, 2 Cir., 197 F.2d 69, recovery upon substantially

the same state of facts is held to be a requirement of this Court's jurisdiction under the Hurn v. Oursler doctrine or the statute Title 28 U.S.C.A. § 1338(b). A recent decision outside of this circuit seems to be especially in point, Hook v. Hook & Ackerman, Inc., 3 Cir., 233 F.2d 180. Paraphrasing the language of that decision, it can be said here; the same sprayer is involved in the infringement and unfair competition claim but that is not enough to fuse these two unrelated suits, not enough to fulfill the jurisdictional requirement of Section 1338(b).

Although not alleged in the complaint, the plaintiffs urge that in any event this Court has jurisdiction under Sections 39-43 of the Lanham Act of 1946, Title 15 U.S.C.A. § 1121 et seq., and cases outside of this circuit are cited as authority. Stauffer v. Exley, 9 Cir., 184 F.2d 962. Decisions binding upon this Court hold otherwise. American Auto Ass'n v. Spiegel, 2 Cir., 205 F.2d 771 and cases cited therein. See also L'Aiglon Apparel v. Lana Lobell, Inc., 3 Cir., 214 F.2d 649 and Panaview Door & Window Co. v. Van Ness, D.C., 124 F.Supp. 329. The above authorities require rejection of plaintiffs' contention.

Having in mind that this Court should not be eager to assume jurisdiction over a non-federal case unless its statutory authority clearly exists and after considering the facts and legal precedents applicable thereto, I find the required relationship between the two claims has not been shown to exist and conclude that the claim of unfair competition must be dismissed, and it is

So ordered.

### Motion for Rehearing

On May 21, 1956 an order dismissing the cause of action for unfair competition was filed in the Clerk's office. Notice of appeal from the above order was filed on June 19, 1956. On the same day a notice of motion for a reargument was filed in the Clerk's office. Notice, bringing such motion on for reargument was filed June 20, 1956.

The filing of the notice of appeal from this court's order, dismissing the cause of action, deprives this court of jurisdiction. J. J. Theatres Inc. v. Twentieth Century-Fox Film Corp., D.C., 112 F.Supp. 674, and cases cited.

It may not be amiss to call counsel's attention to a discussion of the "* * * broader view of pendent jurisdiction * * *" as contained in the recent decision in Maternally Yours, Inc. v. Your Maternity Shop, Inc., 2 Cir., 234 F.2d 538.

As above indicated, motion to reargue is denied, and it is

So ordered.