KODAK COAL COMPANY and Vicco Coal Corporation, Inc., Appellants,

v.

John D. SMITH and Shell Smith, Appellees.

VICCO COAL CORPORATION, Inc., Appellant,

v.

John D. SMITH and Shell Smith, Appellees.

Court of Appeals of Kentucky.

Sept. 23, 1960.

Clark Pratt, Hindman, for appellants.

Cordell H. Martin, Hindman, Claude P. Stephens, Prestonsburg, D. G. Boleyn, Hazard, for appellees.

CLAY, Commissioner.

These consolidated actions involve the right of appellant coal companies to engage in the "auger" method of mining upon lands in which they have title to coal by virtue of a mineral deed. Appellees, owners of the surface, sought to enjoin appellants from engaging in this particular mining activity and appellants likewise sought injunctive relief. The Chancellor enjoined appellants from further coal mining by the auger method.

The language of the mineral deed involved in these actions is substantially identical with that contained in the deeds considered in the cases of Buchanan v. Watson, Ky., 290 S.W.2d 40, and Blue Diamond Coal Company v. Neace, Ky., 337 S.W.2d 725. The basic contentions with respect to the surface rights of the parties, carefully considered in those cases, are presented here. Those cases are determinative of this controversy.

The established law of Kentucky is that under a mineral deed such as we have before us, the grantee, as the owner of the coal, has the right to extract it by the strip or auger method of mining, and if the operation is conducted properly the necessary use or destruction of the surface is within the scope of the rights granted under the deed.

The record shows the very destructive nature of the auger mining process and, like the Chancellor, we are aware that this type of operation is not consistent with the best principles of land conservation. However the question before us involves the legal rights of the parties, and as we have pointed out in the earlier opinions, the preservation of the land is a matter for the legislature.

The Chancellor made several findings of fact which are not controlling because of the superior rights of appellants. For example, it was found that the coal could be mined by other methods and therefore it was not necessary to use the auger method. We said in Blue Diamond Coal Company v. Neace, Ky., 337 S.W.2d 725, 727:

"The mere exercise of a right to mine in a particular fashion cannot of itself be classified as arbitrary, wanton, or malicious. It is the manner of the mining operation, as distinguished from the fact of its being carried on, that determines liability for damages."

The Chancellor also found that the dumping of rocks and debris over the hillside would destroy trees with a diameter of more than 12 inches. It is apparent that the destruction of such trees does not constitute the use of those trees subject to the deed limitation of 12 inches but their loss is incident to the right of utilizing the surface in the mining process. It could scarcely be contended that the removal of

large trees in preparing shaft openings or building roadways would violate the terms of the deed.

The Chancellor further found that this operation would increase the danger of floods and might endanger other property of the appellees and others. Certainly appellants have no right to injure property other than that encompassed by the deed and remedies would be available to those actually so damaged. Nevertheless, damage to the land embraced by the deed gives no right of action to appellees, provided the mining is not carried on in an arbitrary, wanton or malicious manner.

In our opinion the property rights of appellees have not been violated, appellees were not entitled to an injunction, and any necessary and proper injunctive relief should be granted to appellants.

The judgment is reversed for the entry of one consistent with this opinion.