**BLUE DIAMOND COAL COMPANY, Inc., et al., Appellants,**

**v.**

**Nancy CAMPBELL et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 4, 1963.

D. G. Boleyn, Hazard, for appellants.

J. Woodford Howard, Prestonsburg, amicus curiae, for Ky. Coal Ass'n.

Maxwell P. Barret, Bruce Stephens, Jr., Hazard, for appellees.

J. W. Craft, Jr., Hazard, amicus curiae, for Ky. Oak Mining Co.

CULLEN, Commissioner.

The appellants, holding a deed of mineral rights, conducted strip and auger mining operations on a 40-acre tract of land on which the appellees owned the surface rights. The appellees brought action for damages, claiming that the mining was done in reckless disregard of their rights. Upon a jury verdict awarding $3,000 damages judgment was entered, from which this appeal is taken.

The terms of the mineral deed were such as to make applicable in this case the rule stated in Buchanan v. Watson, Ky., 290 S.W.2d 40, that the holder of the mineral rights is not liable for damage done to the surface of the land in the mining operations unless the operations are carried on "oppressively, arbitrarily, wantonly or maliciously."

The evidence showed that on the back portion of the tract a substantial amount of timber was destroyed, deep and wide cuts were made, large spoil banks were thrown up, and waste matter was pushed into the creek. However, with the exception of one item of testimony which we shall hereinafter discuss, there was no evidence even to suggest that these operations were so completely unnecessary or so out of line with customary strip and auger mining practices as to be considered oppressive, arbitrary, wanton or malicious.

Along the hillside on one side of the creek a cut was made, some 70 to 100 feet wide and 1,000 feet long. Beneath this cut no strippable coal was found, and in the bank only three or four auger holes were drilled. A mining engineer testified on direct examination that in his opinion this constituted the doing of "an excessive amount of damage." However, on cross-

examination it was brought out that his opinion was predicated on the fact that no appreciable amount of coal was made recoverable by the cut. He testified that by core drilling in advance the appellants could have discovered that there was no strippable coal in this particular spot. However, he admitted that such core drilling is not a customary practice in the strip mining industry and that the established practice is to bulldoze the top soil off and then determine whether there are any strippable seams.

In our opinion the testimony of the engineer was not sufficient to establish that the making of the cut in question was oppressive, arbitrary, wanton or malicious.

On the front of the tract, where there were a house, barn and fenced garden, the appellants bulldozed out a road which went through the garden and close to the house and barn. Dirt was pushed up against the side of the barn and it appears that the cutting out of the road caused the soil around and under the barn to erode. The appellees testified that this road never was used by the appellants, and that the appellants cut other roads through the tract which they used for their operations.

We think that the cutting of this road through the improved part of the tract, for no apparent purpose and with no use ever being made of it, might possibly be considered to be oppressive, arbitrary, wanton or malicious. However, for the reason hereinafter stated, the evidence concerning this road is not sufficient to sustain the verdict and judgment.

The only evidence offered by the appellees as to the amount of monetary damage sustained by them consisted of estimates of the market value of the entire tract before the mining operations were begun and its value after the operations were completed. No attempt was made to assign any specific or separable amount of damages to the road through the improved portion of the tract. There was no evidence, therefore, on which the jury could make an award for damages attributable to the road. Since the appellants could be held liable only for such of the damages to the land as could be considered to have been done oppressively, arbitrarily, wantonly or maliciously, the burden was on the appellees to offer proof of the amount of *recoverable* damages. They failed in this burden and therefore the appellants' motions for a directed verdict should have been sustained.

The judgment is reversed with directions to enter judgment for the defendants.