**A. J. CROLEY et al., Appellants,**

v.

**ROUND MOUNTAIN COAL COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 24, 1964.

E. B. Wilson, Pineville, for appellants.

T. E. Mahan, Williamsburg, William Hays, Winchester, Robert H. Hays, Lexington, for appellees.

CULLEN, Commissioner.

A. J. Croley and wife, owners of the surface of a tract of mountain land, brought this action against Round Mountain Coal Company and others, seeking to enjoin the defendants from conducting strip and auger mining on the tract and to recover damages for such mining already done. Judgment was entered dismissing the complaint on the ground that it did not state a claim upon which relief could be granted. The Croleys have appealed.

The question presented is whether, under the terms of a reservation of mineral rights in favor of the grantor, in a deed by which the surface was conveyed to the Croleys' predecessor in title, the grantor and his lessees have the right to remove the coal by strip and auger mining.

At one time Greasy Brush Coal Company owned the tract in fee. In 1948 the company deeded the tract to the Croleys' predecessor in title, with this reservation:

"Reserving all coal, oil, gas, stone, water and any other minerals in, on or under the land, together with the right of ingress and egress to take, enter, mine, cut and remove any and all minerals in, on or under the land. In the event any of the operation in the reservation aforesaid injures or damages any growing crop on the surface, then the person so damaging the growing crop shall pay for the damage done. Second party is given the right to mine for his own use only in his dwelling only coal from the premises, provided his action in so doing does not interfere in any operation of the first party under the reservation, or anyone under it."

Some 13 years later Greasy Brush Coal Company leased the mineral rights to Round Mountain Coal Company and that company then commenced the strip and auger mining operations that gave rise to this suit

In Buchanan v. Watson, Ky., 290 S.W. 2d 40, this Court held that under the terms of the so-called "Mayo" form of mineral lease, which was prevalent in Kentucky in the early 1900's, the lessee has the right to strip and auger mine. The Mayo form of lease differs in several respects from the reservation clause here in question. The appellants maintain that because of those differences, and because the Mayo lease involves a *grant* of mineral rights (which will be construed most strongly in favor of the rights) whereas the instant case involves a *reservation* of mineral rights (which will be construed most strongly against the rights), the Buchanan case is not controlling here. (Buchanan has been followed in Blue Diamond Coal Co. v. Neace, Ky., 337 S.W.2d 725; Kodak Coal Co. v. Smith, Ky., 338 S.W.2d 699; Ritchie v. Midland Mining Co., Ky., 347 S.W.2d 548; and Blue Diamond Coal Co. v. Campbell, Ky., 371 S.W.2d 483.)

The Mayo form of lease provides that the lessee has the right to "use and operate the same and surface thereof * * * in any manner that may be deemed necessary or convenient for mining" and it contains a release by the grantor of any claim for damages in the use of the land and the surface by the grantee. The appellants contend that these two provisions were of controlling consideration in the Buchanan case.

It is true that the opinion in the Buchanan case does make mention of the release of damages clause. However, it does not treat this clause as a controlling factor, and it does not attach any special significance to the other clause above mentioned. An examination of the opinion discloses that the decision was based simply on the proposition that the parties clearly intended to convey the coal; that the purpose of the conveyance was to enable the grantee to remove the coal from under the surface of the land; and that to deny the grantee the right to remove the coal by the only feasible process would defeat the principal purpose of the conveyance.

854

The reservation in the instant case not only reserves "all" coal, but also oil, gas, *stone, water,* and "any other minerals in, on or under the land," with the right to "take, enter, mine, cut and remove any and all minerals in, on or under the land." Obviously, *all* coal could not be removed by the deep mining process. Removal of *stone* normally would require substantial destruction of the surface. We think the parties must have intended that the minerals could be removed by any recognized method or process.

In 1948, when the deed in question was made, strip mining was fairly common, so it cannot be said that the parties could not have contemplated the use of that method of mining.

Since we think the meaning of the reservation is plain, there is no occasion to apply the rule that in case of ambiguity a deed will be construed most strongly against the grantor.

In the opinion in Blue Diamond Coal Co. v. Neace, Ky., 337 S.W.2d 725, there is the suggestion of a possible rule that the surface owner's right to subjacent support should not be considered to have been surrendered by a mineral conveyance unless there be fairly positive language in the conveyance indicating that intent, such as the language in the Mayo lease conferring upon the lessee the right to use the surface in "any manner that may be deemed necessary and convenient." However, we think the language in the reservation here in issue expresses with the same force the intention of the parties that the owner of the minerals shall have the right to destroy the surface to the extent necessary to remove the minerals.

It is our conclusion that the appellees here have the right under the terms of the reservation to remove the coal by strip and auger mining. Having that right, they are not liable for any damage to the surface (except to growing crops as specified in the reservation) unless they act arbitrarily, wantonly or maliciously. Buchanan v. Watson, Ky., 290 S.W.2d 40. The trial court, therefore, properly dismissed the complaint, except as hereinafter stated.

In addition to the allegations seeking relief on the ground that the defendants had no right to do strip and auger mining, the complaint alleged that the defendants were casting waste material on the plaintiffs' tract from other lands, and were carrying on their strip and auger mining on the plaintiffs' tract in an arbitrary, wanton and malicious manner. The appellees admit that the latter allegations state claims upon which relief could be granted. The trial court erred in dismissing so much of the complaint as set forth those allegations.

The judgment is affirmed to the extent it dismissed so much of the complaint as undertook to assert a claim on the basis of a lack of right of the defendants to carry on strip and auger mining; the judgment is reversed to the extent it dismissed the other portions of the complaint, with directions to enter an order overruling the motion to dismiss as to those portions.