J. E. DAVIDSON et al., Appellants,

v.

Cornett GRIGSBY, Appellee.

Court of Appeals of Kentucky.

March 20, 1970.

J. W. Craft, Jr., Craft & Haynes, Hazard, for appellants.

Harold Garland Wells, Wells & Wells, Hazard, for appellee.

DAVIS, Commissioner.

Cornett Grigsby obtained verdict and judgment for $2400 from appellants, a coal-mining partnership, for damages allegedly caused to his land incident to auger and strip-mining operations on his land. A motion for appeal was granted. RCA 1.180.

Appellants advance five charges of error: (1) Directed verdict for appellants was improperly denied; (2) disqualified jurors were erroneously accepted; (3) errors were made in the instructions; (4) the verdict was excessive; and (5) the court improperly refused to credit the judgment by $750.

Appellee owned the surface rights of a thirty-five-acre farm. Appellants had the mineral rights (including coal-mining rights) under that surface, by virtue of an off-conveyance of the mineral rights to their predecessor in title by deed dated May 30, 1889. The severance deed expressly granted all the coals, gases, oils, and minerals "with customary mining privileges." That deed embraced the minerals under a tract of some 1500 acres, of which appellee's later-acquired farm was a small parcel.

Appellants were removing the No. 7 seam of coal by the auger and strip-mining methods when the course of their operations brought them in proximity to appellee's farm. Before entering appellee's farm, two of appellants' representatives negotiated with appellee looking toward an agreement as to the respective ·rights and obligations of the surface and mineral owners arising from the proposed auger and strip mining over appellee's surface.

According to the testimony for appellee, the appellants agreed to pay appellee 25¢ per foot for auger mining and 50¢ per foot for strip mining, *plus* such sum in damages as might occur to his remaining lands by reason of those procedures. The evidence for appellants was ·that the agreed footage payments included all liability. It was undisputed that appellants paid appellee $250 by check dated June 22, 1965, calculated at 25¢ for 1,000 feet of auger mining, and $500 by check dated September 8, 1965, calculated at 50¢ for 1,000 feet of strip mining. In addition, appellants paid appellee $100 by check dated July 21, 1965, to compensate him for labor and material for fencing made necessary by the mining operations.

The jury reported a verdict for appellee of $2500. The trial court ordered the verdict credited by $100 (the amount of the fencing check) and entered judgment for $2400. As noted, the appellants contend that the court should have sustained their motion for directed verdict or, alternatively, the court should have allowed them credit for the $750 admittedly paid.

Citing Croley v. Round Mountain Coal Company, Ky., 374 S.W.2d 852, and Buchanan v. Watson, Ky., 290 S.W.2d 40, and others dealing with the so-called "Mayo" form of mineral deed, the appellants maintain that they had the right to extract the coal under appellee's surface by the auger or strip methods, so there was no basis for allowing recovery absent a showing that their operations were done arbitrarily, wantonly, or maliciously. Appellee counters that the language of the mineral grant to appellants' predecessor was different from the "Mayo" language, so that the rationale of the cited cases is inapplicable. We do not reach that question.

Admittedly, the parties made some sort of oral contract prior to commencement of the mining operations. The terms of that oral agreement were in issue; the jury resolved that issue, accepting appellee's version of the oral agreement. We think there was ample basis for the parties to have a legitimate difference of opinion concerning their respective legal rights in the premises. That being so, they could properly undertake by contract to delineate their mutual rights and obligations. Hall v. Fuller, Ky., 352 S.W.2d 559. It appears that there was ample room for a "good-faith" belief that appellee had a valid claim opposing appellants' claimed right to extract coal by the auger and strip-mining methods. The trial court correctly overruled the appellants' motion for directed verdict and judgment n. o. v. Cf. 17 Am. Jur.2d, Contracts, Section 111, pp. 457–458.

Five prospective jurors on *voir dire* examination stated in substance "that they were opposed to strip mining but that they would be guided by the law and evidence in the case." The court denied appellants' challenge for cause as to these veniremen. This was correct in the circumstances. There was no suggestion that any prospective juror had a preconceived notion as to the merits of the case to be tried nor that their admitted aversion to strip mining would affect their impartiality in weighing the factual issues presented. The trial court has broad discretion in such matters. We perceive no basis for holding that the discretion was abused. See Commonwealth v. Hall, Ky., 258 S.W. 2d 479; 47 Am.Jur.2d, Jury, Section 298, p. 874.

Appellants complain of Instructions I, II, III, and IV. There was no objection to Instruction I, so no question is presented for appellate review.

Instruction II submitted the issue as to which version of the oral agreement was to be believed. What we have already said in treating the claim for entitlement to directed verdict disposes of the charge of error against Instruction II.

Instruction III was the damage instruction. It is contended that the court should have pointed out that no damages could be awarded for the normal operation of removing coal from appellee's land. Our reading of the instruction persuades us that the jury was fully apprised of the proper elements to be considered in assessing damages, and the charge of error is without merit.

As to Instruction IV, substantially the same objection is advanced as was addressed to Instruction III. For the same reasons, we are persuaded that the claim of error is meritless.

It is claimed that the verdict is excessive. Evidence for appellee indicated that as much as five acres of tillable land had been rendered substantially worthless by overburden of up to twenty feet of debris from landslides. Also it was shown that a farm road and some merchantable timber were destroyed. The award was well below the maximum range of evidence for the appellee. It may appear generous, but it is not so large as to appear at first blush to have been the result of passion or prejudice. We regard as competent the evidence offered for appellee to substantiate the claimed damages.

The court declined to credit the verdict by the $750 admittedly paid, but did credit it by the $100 paid for fencing. This was consistent and proper. The court correctly regarded the two checks of $250 and $500 as payment for the privilege to auger and strip—that and nothing more. Appellee's version, accepted by the jury, was that damages to remaining land would be paid also. In that view of the case, the court properly declined to credit the judgment by the payments aggregating $750.

The judgment is affirmed.

EDWARD P. HILL, Jr., C. J., and MILLIKEN, PALMORE, REED and STEINFELD, JJ., concur.