**PEABODY COAL COMPANY, Plaintiff,**

v.

**D. J. ERWIN and Juanita Erwin, husband and wife, Defendants.**

Civ. A. No. 2430.

United States District Court,
W. D. Kentucky,
Owensboro Division.

May 14, 1971.

Clarence Bartlett, Bartlett, McCarroll & Nunley, Owensboro, Ky., for plaintiff.

E. F. Martin, Jr., Hartford, Ky., for defendant.

## MEMORANDUM AND ORDER

JAMES F. GORDON, Chief Judge.

This matter comes before the Court on various motions of the parties. At the center of the controversy is a fifty-acre parcel of land on the waters of Spur Creek in Ohio County, Kentucky. On July 30, 1902, Jesse N. and Mary E. Baggerly, the owners of the entire parcel, conveyed to the Taylor Coal Company all of the coal and other minerals within or under the parcel. By mesne conveyances the Peabody Coal Company, plaintiff herein, became and is now the owner of the mineral estate. By mesne convey-ances D. J. and Juanita Erwin, defendants herein, became and are now the owners of the surface estate.

The first shot of this five-year skirmish was fired by the Erwins. On January 1, 1966, they filed an action in Ohio Circuit Court seeking damages for injuries to their house and cistern allegedly caused by Peabody's mining operations on other lands. Peabody removed the cause in a timely manner to this Court, but shortly thereafter the cause was remanded to the Ohio Circuit Court when the Erwins amended their complaint to demand damages in the amount of $9,950.00. Peabody then filed an answer in the state proceeding raising several defenses. One of these was the contention that the Baggerly deed referred to above granted Peabody the right to conduct strip mining operations on the tract in question. A motion for summary judgment filed by Peabody was overruled by the Ohio Circuit Court on April 29, 1969.

On December 8, 1969, Peabody commenced the present action in this Court. In its complaint Peabody seeks a declaration of its right to conduct strip mining operations on the Ohio County tract and prays for injunctive relief. The Erwins have filed an answer and have counterclaimed to recover for injuries to their house and cistern allegedly caused by Peabody's mining operations on other lands. The counterclaim seeks compensatory and punitive damages in the amount of $40,000.00. Peabody has now moved for a summary judgment, both as to its suit for a declaratory judgment and defendants' counterclaim. Defendants have filed a motion to amend their answer and a "motion for dismissal or summary judgment" as to plaintiff's declaratory judgment action.

Defendants present three contentions in support of their motion for summary judgment and in opposition to plaintiffs' motion. First, defendants argue that Peabody, having already raised in Ohio Circuit Court the issue whether Peabody is entitled to engage in strip mining on the tract in question,

should not be permitted to raise the issue here. We believe this argument to be without merit, for two reasons. In the first place it is settled that before a question of law or fact is entitled to effect as collateral estoppel, it must have been actually determined by the tribunal. Restatement of Judgments, §§ 68(1), 70. The Ohio Circuit Court's order overruling Peabody's motion for summary judgment is very brief, and it is impossible to tell from it whether the rights of the parties under the Baggerly deed were actually determined. And in the second place it is equally settled that before a question of fact or law is entitled to effect as collateral estoppel, the determination of that question of fact or law must have been *necessary* to the decision of the tribunal. Restatement of Judgments § 68, Comment O and Illustration 10. As we view this case, the right as of Peabody under the Baggerly deed are quite frankly irrelevant to the issue in the state court as to Peabody's liability to the Erwins for injuries caused by mining operations conducted on adjacent lands. *See* Croley v. Round Mountain Coal Co., 374 S.W.2d 852, 854 (Ky.1964); Pike-Floyd Coal Co. v. Nunnery, 232 Ky. 805, 24 S.W.2d 614 (1930). Consequently, even if we were to assume that the Ohio Circuit Court determined the rights of the parties under the Baggerly deed in overruling Peabody's motion for summary judgment, that determination would not be binding in this case.

Defendants' second argument challenges Peabody's title to the mineral estate. In support of this argument counsel for defendants, by affidavit, points out that one of the leases in Peabody's chain of title has not been recorded in the Clerk's Office of the Ohio County Court. Peabody apparently conceded this failure to record the lease in the Ohio Circuit Court action, and in any case has made no attempt to refute it here.

We have examined the various affidavits and exhibits that have been made part of the record and we find that the deed conveying the mineral estate in question from the Baggerlys to the Taylor Coal Company appears of record in Deed Book 27, page 93, in the Clerk's Office of the Ohio County Court. We further find that the deed conveying the mineral estate in question from the Taylor Coal Company to the Beaver Dam Coal Company appears of record in Deed Book 51, pages 115-134, in the Clerk's Office of the Ohio County Circuit Court. The unrecorded lease about which defendants are complaining apparently was made in 1946 between Beaver Dam Coal Company and Sentry Coal Company. Peabody now claims the leasehold by virtue of various assignments and mergers.

In our opinion the existence and validity of the 1946 lease are primarily matters of concern between Beaver Dam and Peabody. Beaver Dam, through its agent, Clarence Hopper, has acknowledged both the existence and the validity of the 1946 lease, and for us that ends the matter. We see no reason to doubt Peabody's title to the mineral estate in question, and we believe that the recording of the 1902 and 1916 deeds, as well as the recording of several of the subsequent leases, gave defendants adequate notice that the mineral estate had been severed from the surface estate.

Defendants' third contention involves construction of the Baggerly deed, the pertinent parts of which are set out as follows:

"THIS DEED of Conveyance, made this 30th day of July, 1902, between Jesse N. Baggerly and Mary E. Baggerly, his wife, of Ohio County, Kentucky, parties of the first part, and the Taylor Coal Company, incorporated, of Kentucky, party of the second part, WITNESSETH, that in consideration of One Hundred and no/100 Dollars to said first parties paid, receipt whereof is hereby acknowledged, said first parties do hereby sell and convey unto said second party, its successors and assigns, with covenant of general warranty, all of the mines, veins and seams of coal and other minerals lying and being within or under

the following described premises. * * Together with the free and uninterrupted right of way upon and under said land at such points and in such manner as may be proper and necessary for the purpose of mining and running said coal and other minerals, and also such other rights and privileges as are proper and necessary for the mining, ventilating and removing said coal, including among other things not specially enumerated the right to sink air shafts and drain said mines over and through said premises, and without liability for injury done to said lands from subsidence of the surface or otherwise and the right to mine and remove other coal now or hereafter owned by said second party, its successors and assigns; through said above described premises."

Defendants argue that the rights and privileges conveyed to Taylor Coal Company, Peabody's predecessor in title, do not as a matter of law include the right to conduct strip mining operations. Plaintiff, on the other hand, seeks a declaration that the deed entitles it as a matter of law to conduct strip mining operations.

In resolving this question we are, of course, bound by the law of Kentucky. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The landmark case on the subject of strip mining is Buchanan v. Watson, 290 S. W.2d 40 (Ky.1956), in which the Court of Appeals of Kentucky held that the "Mayo" or "broad form" mineral deed confers upon the grantee and his assigns the right to conduct strip mining operations. Counsel for defendants has argued persuasively and at some length that *Buchanan* and its progeny should not be controlling here, for the reason that the Baggerly deed is substantially different from the "Mayo" or "broad form" deed commonly in use around the turn of the century. We accept defendants' argument on this point, but that conclusion does not decide the case.

■ In Croley v. Round Mountain Coal Co., 374 S.W.2d 852 (Ky.1964),

the Court of Appeals of Kentucky was called upon to construe a reservation of mineral rights, the language of which was much narrower than that of the "broad form" deeds. The pertinent part of the reservation is set out as follows:

Reserving *all* coal, oil, gas, stone, water and any other minerals in, on or under the land, together with the right of ingress and egress to take, enter, mine, cut and remove any and all minerals in, on or under the land (our emphasis).

*Croley, supra,* at 853. Observing that, "obviously, *all* coal could not be removed by the deep mining process", the Court held that "the parties must have intended that the minerals could be removed by any recognized method or process", including strip mining. *Croley, supra,* at 854. The trial Court's judgment sustaining the coal company's motion to dismiss for failure to state a claim upon which relief can be granted was affirmed. Since the Baggerly deed purported to convey to the Taylor Coal Company *all* of the mines, veins, and seams of coal and other minerals, and since the rest of the language of the Baggerly deed is, if anything, broader than that of the reservation in the *Croley* case, we believe *Croley* to be controlling here.

In reaching this conclusion we have given careful consideration to the Court's comment in *Croley* that the parties must have contemplated the use of the strip mining method, since the reservation in question was made at a time when strip mining was fairly common. This comment could well be a basis for distinguishing *Croley* from the instant case, were it not for subsequent language of the Court of Appeals in Martin v. Kentucky Oak Mining Co., 429 S.W.2d 395 (Ky.1968). That case also involved the right of a coal company under a mineral deed to conduct strip mining operations, and in its opinion the Court stated as follows:

Whether or not the parties actually contemplated or envisioned strip or auger mining is not important—the question is whether they contended

that the mineral owner's rights to use the surface in removal of the minerals would be superior to any competing right of the surface owner. *Martin, supra,* at 397. Thus, we are compelled to conclude that the Court's comment in *Croley* regarding the parties' contemplation of the use of strip mining was not a factor in its ruling in that case.

For the reasons stated heretofore, we hold that Peabody is entitled under the Baggerly deed to conduct strip mining operations on the tract in question, and that therefore Peabody is entitled to a summary judgment on that issue. We are careful to add, however, that nothing we have said regarding Peabody's rights under the Baggerly deed should be construed as criticism of the Ohio Circuit Court's order overruling Peabody's motion for summary judgment.

■ We turn next to the matter of defendants' counterclaim. Since plaintiff's declaratory judgment action arises out of the Baggerly deed and defendants' counterclaim arises out of plaintiff's mining operations conducted on adjacent lands, we view defendants' counterclaim as permissive rather than compulsory. Fed.R.Civ.P. 13(a) & (b). As such it must present an independent basis for federal jurisdiction. Kuster Laboratories, Inc. v. Lee, 10 F.R.D. 350 (N.D. Cal.1950).

■ We have no quarrel with defendants' statement that the parties are citizens of different States, but we view with a great deal of skepticism defendants' contention that the amount placed in controversy by the counterclaim exceeds $10,000.00, exclusive of interest and costs. Defendants were before us once before on a claim identical to the one now presented by their counterclaim, and that cause was remanded to the state court when defendants reduced their demand for monetary damages to $9,950.00. A party who reduces his claim below the jurisdictional amount in an attempt to defeat federal jurisdiction should not be permitted to change his mind at a later date. *See* Arnold v. Troccoli, 344 F.2d 842 (2d Cir. 1965). Consequently, we believe it proper to dismiss this counterclaim *sua sponte* for lack of jurisdiction over the subject matter thereof. In doing so we are careful to express no opinion as to the merits of the counterclaim.

■ A final word is necessary concerning the other relief demanded by plaintiff. We have ruled that plaintiff may conduct strip mining operations on the tract in question, but we decline to say that plaintiff may do so "free of all claims for damages". It is settled law in Kentucky that the surface owner will have a cause of action against the mining company if the latter conducts its mining operations in an arbitrary, wanton, or malicious fashion, regardless of any nonliability clause that might appear in the deed. Blue Diamond Coal Co. v. Neace, 337 S.W.2d 725, 728 (Ky.1960). In addition, we decline to enjoin defendants from slandering plaintiff's title or from suing or threatening to sue plaintiff for damages to the surface estate and the improvements thereon. Plaintiff may interpose this judgment as a defense in any future action challenging plaintiff's right to engage in strip mining on the tract in question, and plaintiff has made no showing that would justify our interference with proceedings in the courts of Kentucky, 28 U.S.C. § 2283.

Accordingly, the Court rules as follows:

(1) Defendants' motion to amend their answer is sustained.

(2) Defendants' motion for dismissal or summary judgment is overruled.

(3) Defendants' counterclaim is dismissed.

(4) Plaintiff's motion for summary judgment is sustained as to its suit for a declaratory judgment.