**PEABODY COAL COMPANY,**
Plaintiff-Appellee,

v.

**D. J. ERWIN and Juanita Erwin,**
Defendants-Appellants.

No. 71-1599.

United States Court of Appeals, Sixth Circuit.

Dec. 15, 1971.

E. F. Martin, Hartford, Ky., Martin & Gross, Hartford, Ky., on brief, for appellants.

Marvin P. Nunley, Owensboro, Ky., Bartlett & Catinna, Hartford, Ky., Bartlett, McCarroll & Nunley, Owensboro, Ky., on brief, for appellee.

Before CELEBREZZE, PECK and MILLER, Circuit Judges.

PER CURIAM.

In a diversity of citizenship action in the district court, Peabody Coal Company sought a declaratory judgment granting it the right to strip mine a fifty acre parcel of land. Peabody owns the mineral rights to the land involved while the defendants own the surface estate. The respective rights of the parties are determined by a 1902 mineral conveyance between the parties' predecessors in title.[1] Both parties sought summary judgment with the court below, 326 F. Supp. 1005, granting Peabody's motion and declaring the coal company's right to strip mine.

On appeal, appellant Erwin's first contention is that the district court had no jurisdiction of this case because the strip mining question had been raised in a state court proceeding. We have considered this argument and find it without merit.

Appellant's second contention is that the district court misinterpreted Kentucky law and erroneously granted summary judgment for Peabody. In Peabody Coal Co. v. Pasco, 6 Cir., 452 F.2d 1126, we fully considered the pertinent decisions of the Kentucky Court of Appeals construing mineral severance deeds. The court below, in our opinion, placed undue emphasis on Croley v. Round Mountain Coal Co., Ky., 374 S.W.2d 852 (1964).

Our view of the deed in this case indicates that it grants rights impliedly incident to underground mining but that it does not indicate the intention of the parties that the mineral owner bought the right to destroy the surface, or that it was intended that the mineral owner's rights to use the surface would be superior to any competing right of the surface owner. Martin v. Kentucky Oak Mining Company, Ky., 429 S.W.2d 395, 397, 399 (1968), and Pasco, supra.

Accordingly, the action must be remanded to the district court for entry of a judgment vacating its former judgment and granting appellants' motion for summary judgment.

---

1. The relevant language of the 1902 deed is as follows:
    . . . [A]ll of the mines, veins and seams of coal and other minerals lying and being within or under the following described premises: . . . Together with the free and uninterrupted right of way upon and under said land at such points and in such manner as may be proper and necessary for the purpose of mining and running said coal and other minerals, and also such other rights and privileges as are proper and necessary for the mining, ventilating and removing said coal, including among other things not specially enumerated the right to sink air shafts and drain said mines over and through said premises, and without liability for injury done to said lands from subsidence of the surface or otherwise and the right to mine and remove other coal now or hereafter owned by said second party, its successors and assigns through said above described premises.