**Mark GLASER and Lisa Glaser, Plaintiffs,**

v.

**CATERPILLAR INDUSTRIAL, INC., A Wholly Owned SUBSIDIARY OF CATERPILLAR, INC., A Successor Corporation to Towmotor Corporation, A Delaware Corporation, Defendants.**

**Civ. A. No. 89–CV–72014–DT.**

United States District Court, E.D. Michigan, S.D.

Aug. 30, 1989.

---

George T. Fishback, Detroit, Mich., for plaintiffs.

James N. Martin, Mt. Clemens, Mich., for defendants.

## OPINION AND ORDER REMANDING CASE TO THE WAYNE COUNTY CIRCUIT COURT

DUGGAN, District Judge.

Plaintiffs, Michigan residents, allege that on or about May 1, 1985, Mark Glaser was seriously injured when he slipped off the right side of a certain hi-lo. Seeking compensation for the injuries he suffered in the incident, plaintiffs filed suit in the Wayne County Circuit Court on March 9, 1988, naming as defendants, Power Lift Sales and Service, Detroit Forklift, Inc. and Caterpillar Industrial, Inc. Defendants Power Lift Sales and Service and Forklift Inc. are citizens of Michigan pursuant to 28 U.S.C. § 1332(c); defendant Caterpillar Industrial, Inc. is a citizen of Delaware. On April 21, 1989, the Wayne County Circuit Court granted summary disposition as to Forklift Inc., thereby dismissing it from the case; and on June 21, 1989, summary disposition was granted dismissing Power Lift Sales and Service as a party defendant.

On June 30, 1989, defendant Caterpillar Industrial, Inc., the lone remaining defendant, removed the case, invoking this Court's diversity jurisdiction.

On July 28, 1989, the Court issued an Order to Show Cause to defendant Caterpillar Industrial, Inc. directing such defendant to show cause why the case should not be remanded, citing 28 U.S.C. § 1446(b) (as amended by P.Law 100–702) which provides: "[a] case may not be removed on the basis of [diversity] jurisdiction ... more than one year after commencement of the action." On July 31, 1989, plaintiffs filed a motion for remand arguing that the case was removed more than one year after commencement of the action in violation of

§ 1446(b). Plaintiffs also argue that the case is not subject to removal to the federal court because the two non-diverse defendants were *involuntarily* dismissed, thus contending that removal is only appropriate if the non-diverse defendants are *voluntarily* dismissed.

Defendant has responded to plaintiff's Motion to Remand (and this Court's Order to Show Cause), and in support of removal it maintains:

(1) since the amendment to 28 U.S.C. § 1446(b)—which was effective November 19, 1988—does not specifically provide that it applies to cases then pending in the state courts, it would be unfair to apply such amendment to this case which had been pending less than one year at the time the amendment became effective;

(2) plaintiffs fraudulently joined defendants' Power Lift Sales and Service and Detroit Fork Lift, Inc. (*i.e.*, the nondiverse defendants) for the sole purpose of destroying this Court's diversity jurisdiction; and

(3) because plaintiff failed to take an appeal of the state court's order of summary disposition (involuntary dismissal), such dismissals are the "functional equivalent of a voluntary dismissal" thereby entitling defendant to remove this action. *See Quinn v. Aetna Life Ins. & Cas. Co.*, 616 F.2d 38, 40 n. 2 (2nd Cir.1980).

In this Court's opinion, the amendment to § 1446(b) was intended to apply to *any* action which was removed after November 19, 1988 (the effective date of this amendment).

It was clearly the intent of Congress that the efficient administration of justice would not be accomplished if a case that had been pending in the state court for more than a year should be transferred to the federal district court. See H.R.Rep. No. 889, 100th Cong., 2d Sess. 72, *reprinted* in U.S.Code Cong. & Admin. News 1988, pp. 5982, 6032–6033 which reads:

Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has

been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court.... Removal late in the proceedings may result in substantial delay and disruption.

The state court is well equipped to deal with the state law issues involved in this case. The case had been pending on the state court docket for more than 15 months before defendant removed it to this Court. In this Court's opinion, this is *exactly* the situation with which Congress was concerned when it adopted the amendment. It is not in the best interests of justice to effectively "begin" this case in the federal court after it has been pending for 15 months in the state court.

It is of no consequence, moreover, that the case had been pending less than one year at the time the subject amendment became effective. *Cf. Greer v. Skilcraft,* 704 F.Supp. 1570 (N.D.Ala.1989); *Phillips v. Allstate Ins. Co.,* 702 F.Supp. 1466 (C.D. Cal.1989). Accordingly, since the Court believes that § 1446(b) applies to any action removed after the effective date of the Act, this case must be remanded to the Wayne County Circuit Court.

In view of the fact that this Court has determined that a remand is required because the case was removed in violation of § 1446(b), this Court need not determine the other issues raised by the parties.

Now therefore, for the reasons set forth above,

IT IS ORDERED that this case be RE-MANDED to the Wayne County Circuit Court.