**D. KIRSCHNER & SONS, INC. and Alan G. Kirschner, Plaintiffs,**

**v.**

**CONTINENTAL CASUALTY COMPANY and Transportation Insurance Company, Defendants.**

Civ. A. No. 92–112.

United States District Court, E.D. Kentucky, Covington Division.

Oct. 14, 1992.

Kent W. Seifreid, Poston, Seifreid & Schloemer, Newport, Ky., for plaintiffs.

Stephen V. Freeze, Cincinnati, Ohio, Stephen Sonderby, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BERTELSMAN, Chief Judge:

This matter is before the court on the Motion of the Plaintiffs to Remand this case to the Campbell Circuit Court. Upon review of the papers filed by the parties, the court is of the opinion that oral argument is not required, that the Notice of Removal was not timely filed, and that the case must be remanded.

This action was instituted by the Plaintiffs in the Campbell Circuit Court on February 14, 1992. The action seeks an interpretation of whether coverage exists under certain comprehensive policies issued by the Continental Casualty group for response costs assessed against plaintiffs in a CERCLA action.

The action was originally commenced against only the defendant, Continental Casualty Company, which filed its Answer on March 23, 1992. Approximately sixty days later, an Amended Complaint was filed naming the Transportation Insurance Company as an additional Defendant. This Company is part of the Continental Casualty group. The Amended Complaint does not allege which of the two companies issued the policies involved.

On June 29, 1992, a Notice of Removal was filed by Continental Casualty Company and Transportation Insurance Company pursuant to 28 U.S.C. § 1446(b). That section provides:

(b) The notice of removal of a civil action or proceeding *shall* be filed within thirty days after the receipt by the defendant,

through service or otherwise, of a copy of the *initial* pleading setting forth the claim for relief upon which such action or proceeding is based ... [.]

*If the case stated by the initial pleading is not removable*, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may *first be ascertained* that the case is one which is or has become removable ... [.]

28 U.S.C. § 1446(b) (1988) (emphasis added).

■ The general rule is that, if the first-served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove. 1A James W. Moore et al., *Moore's Federal Practice* ¶ 0.168 [3.5–5], at 586–87 (2d ed. 1992). This result is due to the rule of unanimity among defendants required for removal, which rule provides that "all defendants who may properly join in the removal petition must join." *Id.* ¶ 0.168 [3.-2–2], at 547–48 (2d ed. 1992).

■ This general rule also applies in circumstances where an initial defendant abstains from seeking removal or does not effect a timely removal, and a defendant added by an amended pleading then seeks to remove more than thirty days after service upon the initial or first-served defendant. *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1255 (9th Cir.1989). This is because, if the thirty-day limitation for removal has already passed as to the first-served defendant, such defendant cannot then consent to removal. The necessary unanimity for removal is, therefore, lacking.

■ Such an interpretation is also consistent with the plain language of the statute. The language of the statute emphasized above dictates that this result is required when the action stated in the initial pleading was removable, rather than first being made removable by the amended pleading. *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986). Thus, when the amended pleading sets forth essentially the same

action but against a new defendant, the proper date for purposes of calculating the time for removal under the statute is the original service or notice date, and there is no new thirty-day period provided to a defendant added by an amended pleading. *Royer v. Harris Well Service, Inc.*, 741 F.Supp. 1247 (M.D.La.1990).

■ The Complaint herein was filed in the Campbell Circuit Court on February 14, 1992. The action was properly removable at that time but, for whatever reason, the initial Defendant chose not to remove. The Amended Complaint, filed June 1, 1992, and served on the Kentucky Secretary of State on June 4, 1992, does not state a new cause of action; it merely adds Transportation Insurance Company as an additional Defendant. Pursuant to the above-cited authorities, the filing of the Amended Complaint did not render the action removable, because the original Defendant had waived its right to remove and could not join the Notice of Removal.

The newly added Defendant in this case, Transportation Insurance Company, is a part of or associated with the original Defendant to this action, Continental Casualty group. The majority rule would probably be applicable even where the newly-added defendant was not associated with the original defendant, but it applies *a fortiori* where such relationship exists. *See Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1255 (9th Cir.1989); *Samura v. Kaiser Found. Health Plan, Inc.*, 715 F.Supp. 970, 971 (N.D.Cal.1989).

The only case contrary to the general rule denying removal when a defendant is added by amended pleading seems to be *Garside by Garside v. Osco Drug, Inc.*, 702 F.Supp. 19 (D.Mass.1988). In that case the original defendants and the later added defendant were not closely associated, as are the defendants in the case at bar. In addition, it was the removing ·defendant in *Garside* who then sought remand following the random assignment of the action to a particular judge. This court does not believe that even the *Garside* court would

have allowed removal under the facts of the instant case.

Therefore, the court being advised,

IT IS ORDERED that the motion to remand be, and it is, hereby granted, and this case be, and it is, hereby remanded to the Campbell Circuit Court, whence it was removed.