**Jeffrey D. BRIERLY, Administrator of the Estate of Paul Brierly, Plaintiff,**

v.

**ALUSUISSE FLEXIBLE PACKAGING, INC., et al., Defendants.**

**Civil Action No. 95–103.**

United States District Court, E.D. Kentucky.

Jan. 30, 1996.

---

Fred E. Fischer, III, Fischer, Brophy & Greene, Louisville, KY, for Jeffrey D. Brierly.

John L. Smith, Day, Smith, Walton & Durham, Louisville, KY, John W. Phillips, Sean Ragland, Boehl, Stopher & Graves, Louisville, KY, for Alusuisse Flexible Packaging, Inc.

Arnold Taylor, O'Hara, Ruberg & Taylor, Covington, KY, for David Ellison.

John W. Phillips, Sean Ragland, Boehl, Stopher & Graves, Louisville, KY, for Lawson Mardon Flexible, Inc., Lawson Mardon Packaging, Inc., A–L Packaging, A–L Holding, Lawson Mardon Group, Ltd.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the Court upon a motion to remand filed by the plaintiff Jeffrey D. Brierly, Administrator of the Estate of Paul Brierly, [Record No. 6] and a motion for attorneys' fees, costs and sanctions pursuant to Fed.R.Civ.P. 11 filed by plaintiff's counsel *pro se* [Record No. 5].

This matter has been fully briefed and, therefore, is ripe for consideration.

### FACTUAL AND PROCEDURAL BACKGROUND

In order to properly address the issues before the Court, both the factual and procedural history of this matter must be set forth in some detail. This action is brought on behalf of Paul Brierly (Brierly), a co-op student who attended Shelby County Vocational School and was working with Alusuisse Packaging, Inc. (Alusuisse) under the supervision of David Ellison (Ellison) among others. Ap-

parently, Brierly and other employees did some welding in an area which Brierly claims was not properly ventilated of combustible cleaning solvents. On August 30, 1993, an explosion at the Alusuisse facility in this area resulted in the death of Brierly and others.

On Brierly's behalf, his administrator filed an action in the Shelby County Circuit Court on May 12, 1994. He now proceeds on a two count amended complaint alleging (1) that the defendants intentionally placed Brierly in a situation posing a serious risk of injury or death; and (2) that the "flash fire" causing the explosion had occurred before and yet the defendants had failed to report those occurrences or otherwise comply with statutory safety requirements.

Turning back to the events of 1994, the first of several trips between state and federal court began. On June 8, 1994, Alusuisse removed the Shelby Circuit Court action to federal district court within 30 days of the filing of the complaint. This Court then granted Brierly's motion to remand on the basis that Alusuisse had utterly failed to introduce any evidence whatsoever to establish that Ellison was present in a new state of domicile and intended to remain there. The matter was thus remanded to the Shelby Circuit Court on March 30, 1995.

Subsequent to the decision of this Court, Alusuisse pursued two tacks in an attempt to remain in federal court. First, Alusuisse filed a motion to reconsider. Having remanded the action and, therefore, being without jurisdiction to consider such a motion, the Court denied the motion to reconsider. 28 U.S.C. § 1447(d).

Second, Alusuisse filed another notice of removal. Again, this Court remanded holding that where a party seeks to remove an action that party has an obligation to put on evidence concerning diversity at the time of removal in response to a motion to remand. A second bite at the apple by attempting to fulfill such obligation by way of a second notice of removal is improper. In addition, the Court declined to address the merits of the motion for attorneys' fees.

Upon remand, Brierly filed an amended complaint and effected service upon Ellison. Although Ellison had been named as a party defendant in the complaint, a first attempt to serve him in Shelby County was unsuccessful due to the fact that he had already left the state for Wisconsin. As a result, Ellison did not participate in these first two runs to federal court and back.

The record reveals that in August of 1994 Brierly obtained the new business address of Ellison from Alusuisse but due to the Order of this Court staying further proceedings in the case until the motion to remand had been resolved, Brierly was unable to serve Ellison until some time after knowing of the new address. In fact, although Brierly knew of Ellison's new address in August 1994, service could not have been effected until late October 1995 due to the stay.[1]

Within 30 days of being served, Brierly filed the notice of removal which now brings this action before the Court for the third time. As mentioned above, Ellison's codefendants consent to this removal.

The Court now has jurisdiction over this matter upon the notice of removal filed by Ellison [Record No. 1] with the consent of the other corporate defendants [Record No. 2]. Removal jurisdiction is predicated on diversity under 28 U.S.C. § 1332.

Brierly, the plaintiff's decedent, was a resident of Kentucky and therefore for diversity purposes the plaintiff is a resident of Kentucky. All the corporate defendants are residents of states other than Kentucky. Thus the existence of diversity of citizenship turns on the citizenship of Ellison. Ellison now claims that he was a resident of Wisconsin at the time the original action was filed in Shelby Circuit Court and at the time of removal. Further, Ellison has asked the Court to take judicial notice of his affidavit [Record Nos. 7, 8] which would essentially establish his claim of citizenship as true.

## DISCUSSION

Before addressing the substantive question of whether remand is in order, the Court

---

1. The Court finds no basis for the suggestion, if any, that Brierly's counsel structured service of Ellison so as to defeat removal. Delay in service was necessary to comply with the Order to stay.

must first determine whether, given the posture of this action, there are any procedural problems which preclude removal.

## A. Procedural Bars to Removal

Brierly argues two procedural points in support of his contention that the instant removal is impermissible. First, Brierly contends that the one-year limitation set out in 28 U.S.C. § 1446(b) prevents Ellison from removing. Second, Brierly maintains that Alusuisse cannot consent to this removal due to the rule of unanimity.

### 1. The One-year Limitation of 28 U.S.C. § 1446(b)

The procedure for removal is set forth in 28 U.S.C. § 1446. Two time limits obtain. First, the defendant must file a notice of removal within the shorter of 30 days of receipt of the initial pleading which sets forth the claim or 30 days of service of summons if the initial pleading has been filed and is not required to be served on the defendant. § 1446(b). Ellison did meet this first requirement.

■ The second paragraph of § 1446(b) sets forth an additional time limit which applies where, although the matter is not removable based on the initial pleadings, something occurs causing the matter to become removable. This second paragraph provides:

> If the case stated by the initial pleadings is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). The last sentence of this paragraph has caused some confusion as to whether this one-year limitation applies only to the type of cases referred to in the previous sentence or to all civil actions.

Brierly's reliance on *Norman v. Sundance Spas, Inc.*, 844 F.Supp. 355 (W.D.Ky.1994), is misplaced if in fact the one-year limitation is meant only to apply to actions not removable based on the initial pleadings. *Norman* involved a situation in which dismissal of certain non-diverse parties created diversity jurisdiction. As such a situation falls squarely within the second paragraph of § 1446(b), the court there held that the one-year limitation applied and barred removal.

In the matter at hand, however, there is no event which subsequently created diversity where it did not exist before. That is, there is no "amended pleading, motion, order, or other paper" which rendered the case removable. Thus, only if the one-year limitation is construed to apply to all civil actions including the action at hand would the limitation bar Ellison's notice of removal. Because *Norman* itself involved the special category of cases (not initially removable but subsequently become so), it necessarily did not resolve this issue.[2]

Upon a careful reading of the statute, the Court concludes that the plain meaning of § 1446(b) precludes a construction of this limitation as applying to all civil actions. Placement of the "except that ..." clause in the same paragraph as and directly modifying the language dealing with those cases that become removable does not allow for a reasonable reading of the limitation to apply to all cases. *Zogbi v. Federated Dept. Store*, 767 F.Supp. 1037, 1039 (C.D.Cal.1991). The amended complaint did not change the action's removability. Ellison had always been a party though not served. Based on the affidavit Ellison submitted it appears this action was initially removable. Therefore, the one-year limitation of the second paragraph of § 1446(b) does not apply to the matter at hand and does not bar Ellison from filing a notice of removal.

---

**2.** Brierly also cites *Glaser v. Caterpillar Industrial, Inc.*, 718 F.Supp. 1317 (E.D.Mich.1989), in support of the one-year limitation argument. *Glaser* involved a situation in which nondiverse defendants were dismissed leaving complete diversity. Because the order dismissing those defendants was a "motion, order or other paper" which rendered the case removable, the one-year limitation clearly applied. Such is not the case here.

## 2. Consent to Removal

■ As an alternative to the one-year limitation, Brierly argues that because the other defendants were unsuccessful in effecting removal within 30 days, they are unable to consent to removal by Ellison. In support of this argument, Brierly cites *D. Kirschner & Sons, Inc. v. Continental Cas. Co.*, 805 F.Supp. 479 (E.D.Ky.1992).

■ In *Kirschner* the original defendant chose not to remove within the statutory period. Thereafter, the plaintiff filed an amended complaint adding an additional defendant. The court held that the original defendant had waived its right to removal and so could not consent to removal by the added defendant. Without such consent, the rule of unanimity which provides that "all defendants who may properly join in the removal petition must join" prevented removal by the added defendant. *Kirschner*, 805 F.Supp. at 481 (citation omitted).

Significant to the *Kirschner* court's holding was the fact that the added defendant and the original defendant were "closely related." In fact, the added defendant was a part of the initial defendant. The *Kirschner* court did, however, suggest that the same rule would be applicable where such a close association did not exist. *Kirschner*, 805 F.Supp. at 481.

This Court does not view the principles set forth in *Kirschner* to be applicable to the case at hand. It cannot be said that the initial defendants "abstain[ed] from seeking removal or [did] not effect a timely removal." *Kirschner*, 805 F.Supp. at 481. In fact, Alusuisse filed a timely notice of removal on two separate occasions and improvidently sought reconsideration of the remand Order. The fact that the matter was remanded each time is of no import to the issue of waiver which seems to be at the heart of *Kirschner*. If the initial defendant declines to remove within the 30 day period, then that defendant has effectively waived the right of removal and may not later change position and seek to consent to a later added defendant's notice of removal.[3]

Zealous pursuit of removal is clearly at odds with waiver of the right to remove. The premise for the view that the initial defendant may not later consent is as follows: the initial defendant's conduct indicates that no consent would have been forthcoming if the added defendant had been served simultaneously. *Garside by Garside v. Osco Drug, Inc.*, 702 F.Supp. 19, 21 (D.Mass.1988). In the matter at hand, every indication is to the contrary. Therefore, Alusuisse has not waived its right to removal and may now consent to Ellison's notice of removal.

## B. The Substantive Question of Diversity

■ The earlier attempt by Alusuisse to remove failed due to the fact that Alusuisse did not set forth any evidence indicating that Ellison had changed his domicile from Kentucky to Wisconsin. Ellison has now entered an affidavit which satisfies this Court that he has in fact changed his domicile to Wisconsin.

■ In opposition, Brierly maintains that the principles of res judicata preclude Ellison from relitigating this issue. By res judicata (claim preclusion), the Court understands Brierly to be invoking the doctrine of collateral estoppel sometimes referred to as issue preclusion. Res judicata is distinct from collateral estoppel. Collateral estoppel "preclude[s] relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action." *Sanders Confectionery Products v. Heller Financial*, 973 F.2d 474, 480 (6th Cir.1992), *cert. denied*, 506 U.S. 1079, 113 S.Ct. 1046, 122 L.Ed.2d 355 (1993) [ (citations omitted) ].

Collateral estoppel is inapplicable for at least two reasons. First, Ellison was not technically a party to the earlier proceedings concerning removal because he had not yet been served. Because Ellison had not been

---

**3.** The court in *Kirschner* held that as nothing occurred which rendered the action removable (thereby activating the second paragraph of § 1446(b)), the 30 day limitation in the first paragraph of § 1446(b) rendered the action un-

removable "... because the original Defendant had *waived its right to remove* and could not join the Notice of Removal." *Kirschner*, 805 F.Supp. at 481 (emphasis added).

served, he had no duty to consent to the removal [4] nor is it clear that he was aware of the action. Thus, Ellison was not really a party to the prior determination. Second, the issue of Ellison's state of citizenship was not actually or necessarily decided. *Peabody Coal Company v. Erwin*, 326 F.Supp. 1005, 1007 (W.D.Ky.), *rev'd on other grounds*, 453 F.2d 398 (6th Cir.1971). The earlier remand was premised on the failure of Alusuisse to meet its burden of establishing complete diversity. Based on the unsupported conflicting representations as to the citizenship of Ellison, the Court was unable to make the necessary determination.

As a consequence, Ellison is not collaterally estopped from introducing evidence as to his state of domicile. Based on the affidavits submitted, the Court finds that Ellison was a citizen of Wisconsin at the time this action was filed and at the time of removal. Complete diversity exists and, therefore, the motion to remand must be denied.

Accordingly,

**IT IS ORDERED HEREIN:**

(1) That the motion of Jeffrey D. Brierly to set this motion for oral argument [Record No. 12] be, and the same hereby is, **DENIED** as the Court does not believe oral argument would be helpful to this determination.

(2) That the motion of David Ellison asking the Court to take judicial notice of the affidavit he submitted [Record No. 7] be, and the same hereby is, **GRANTED**; the Court hereby takes judicial notice of such affidavit [Record No. 8].

(3) That the motion to remand [Record No. 6] be, and the same hereby is, **DENIED**;

(4) That the motion of Fred Fischer *pro se* for sanctions and attorneys' fees and costs occasioned by removal [Record No. 5] be, and the same hereby is, **DENIED**.

---

4. The rule of unanimity requires those defendants who have been served to consent to removal.